UNITED STATES of America, Plaintiff,

v.

David Melvin GARFINKLE, Perry Joseph Gilmartin, David Wayne Hogle, and Clayton Ross Bracy, et al., Defendants.

No. CR–N–91–0057–ECR.

United States District Court,
D. Nevada.

Oct. 28, 1993.

Monte N. Stewart, Asst. U.S. Atty., Reno, NV, for plaintiff.

Loren Graham, Zephyr Cove, NV, for Garfinkle.

Kenneth R. Howard, Reno, NV, for Gilmartin.

Mary Boetsch, Reno, NV, for Hogle.

Fred Atcheson, Reno, NV, for Bracy.

### ORDER

EDWARD C. REED, Jr., District Judge.

The jury in this criminal case found defendant DAVID MELVIN GARFINKLE to be guilty of numerous counts alleged against him by the government. Defendant Garfinkle now comes before this court with a Motion (Doc. # 939) to Set Aside Verdicts and to Enter Judgments of Acquittal pursuant to Fed.R.Crim.P. 29(c). Defendant supplements this motion with additional points and authorities (Doc. # 946) and the government responds in a single document (Doc. # 965).

In short, Defendant claims that there is insufficient evidence to support his conviction of Count Three—Conspiracy to manufacture, distribute and possess both Cocaine and Methamphetamine. Defendant argues that guilty verdicts on Counts 6, 7, 10, 11, 12, 14, 15, 16, 17, 18, 19, 21, 22, 23 and 25 were all based on a *Pinkerton* theory of guilt due to his involvement in the conspiracy of Count Three. Therefore, if Count Three fails, Defendant claims the guilty verdicts premised on Count Three under *Pinkerton* must also fail.

Defendant also claims that there is insufficient evidence to support the guilty verdict returned on Count Eight—Violent Crime in Aid of Racketeering. Here, Defendant's theory is that there is insufficient evidence of an underlying Racketeering Enterprise, which is an essential element of Racketeering. Furthermore, if Defendant is acquitted of Count Three and the other counts Defendant claims would necessarily follow acquittal of Count Three, Defendant argues there would not be sufficient "racketeering acts" to support the conviction on Count Eight.

Finally, Defendant claims that the guilty verdicts on Counts Eight and Nine as applied to him violate the Ex Post Facto clause of the United States Constitution.

## DISCUSSION

### A. STANDARD OF REVIEW FOR SUFFICIENCY OF THE EVIDENCE

There is no dispute between the parties as to the proper standard to be applied when determining whether there is sufficient evidence presented to the jury and in the record to support a guilty verdict. That standard of review requires us to determine "whether, viewing the evidence in the light most favorable to the Government, a rational trier of fact could have found the elements of the crime beyond a reasonable doubt." *United States v. Restrepo*, 930 F.2d 705, 708 (9th Cir.1991) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)); *United States v. Hernandez*, 876 F.2d 774, 777 (9th Cir.), *cert. denied*, 493 U.S. 863, 110 S.Ct. 179, 107 L.Ed.2d 135 (1989). In testing the evidence to see if it sustains the verdict, we look to the evidence and all reasonable inferences which may be drawn from it when viewed in the light most favorable to the Government. *United States v. Terry*, 911 F.2d 272 (9th Cir.1990).

### B. COUNTS TEN AND TWELVE

The Government points out that Defendant was actually acquitted of Counts 10 and 12 and therefore we need not consider Defendant's Motion as it relates to those Counts.

### C. COUNT THREE

■ Count Three charged Defendant with Conspiracy to Manufacture, Distribute and Possess with the Intent to Distribute Cocaine *AND* Methamphetamine. In challenging the sufficiency of the evidence to support the guilty verdict on this count, Defendant nearly concedes the sufficiency of the evidence to support a guilty verdict for conspiracy to manufacture, distribute and possess cocaine, and directs most of his energy challenging the sufficiency of the evidence to support a guilty verdict as it relates to the methamphetamine prong of the conspiracy. Count Three was alleged in the conjunctive and therefore Plaintiff argues proof must exist to support Defendant's involvement in a conspiracy as it relates to both cocaine *AND* methamphetamine. We assume arguendo this is a correct statement of the law. *But see, Griffin v. United States*, —— U.S. ——, ——, 112 S.Ct. 466, 473, 116 L.Ed.2d 371 (1991) (citing *Turner v. United States*, 396 U.S. 398, 420, 90 S.Ct. 642, 654, 24 L.Ed.2d 610 (1970)) ("when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive ... the verdicts stands if the evidence is sufficient with respect to any of the acts charged.").

There is a surfeit of evidence to support the cocaine aspect of the conspiracy charged in count Three. We need not analyze this aspect of Count Three very deeply. There is no question but that there is sufficient evidence from which a rational finder of fact could have found that each element of a conspiracy to manufacture, distribute and possess cocaine was proven and that Defendant was a member of that conspiracy. The portions of the record brought forward by the Government in their Response (Doc. # 965) are sufficient to establish the sufficiency of the evidence on that issue.

The Government has a harder time dredging the record for evidence supporting Defendant's membership in a conspiracy to manufacture, distribute and possess methamphetamine. The only direct evidence relating to Defendant's involvement with Methamphetamine which the Government directs our attention to is that in early 1984, "Paul Fleischer delivered one or two pounds of methamphetamine to Jay Regas and Garfinkle...." (PF/RT, June 2, 1993, p. 1433). In addition the government presents testimony

that "Garfinkle claims to have learned about Jay Regas being involved in methamphetamine production and distribution through mutual friends." (BM/Rt, June 25, 1993, pp. 4180–4190).

This evidence, standing alone, might not be enough to support a guilty verdict against Defendant for Count Three. However, we also draw reasonable inferences from the rest of the evidence presented to us by the Government in their response. It is apparent from the evidence, and a reasonable person could infer, that Defendant was a close associate of Jay Regas and was deeply involved in the cocaine aspect of the conspiracy. There is evidence that Jay Regas was involved in manufacturing, distributing and possession with an intent to distribute methamphetamine. Further there is evidence that Defendant knew at an early date of Jay Regas' methamphetamine project including the production of methamphetamine. Lastly, there is evidence that on at least one occasion Defendant, with Jay Regas, purchased a quantity of methamphetamine too large for personal use. This evidence could lead a reasonable finder of fact to infer and find as a matter of fact beyond a reasonable doubt that Defendant was involved in a conspiracy to produce, distribute and possess methamphetamine.

■ Defendant need not have actually personally manufactured or distributed or possessed methamphetamine to be a member of a conspiracy to do the same. The evidence indicates that one of Defendant's main tasks as a member of the conspiracy was to act as an enforcer, to keep lower level members in line and to ensure that purchasers of drugs paid for them. This task alone would involve Defendant in the Conspiracy charged in Count Three. This task aided and was intended to aid in the completion of the goals of the conspiracy. The evidence indicates that Defendant's involvement went beyond being only an enforcer, and included other tasks.

While less compelling than the evidence supporting Defendant's involvement in the Cocaine side of the conspiracy, the evidence is sufficient to establish Defendant's involvement in the Methamphetamine side of the conspiracy. Therefore, there is sufficient evidence from which a reasonable trier of fact could find each element of the crime charged in Count #3 was proven beyond a reasonable doubt. Defendant's Motion to Set Aside the Guilty Verdict as to Count Three is denied.

■ Defendant, also argued that the acquittal of several other persons on Count Three resulted from the jury's determination that those defendants—Gilmartin, Hogle and Bracy—were involved in the cocaine aspect of the conspiracy only. Defendant argues that this indicates the evidence was insufficient to establish his involvement in the methamphetamine side of things also.

Assuming that Defendant correctly divines the Jury's reasoning, this is in its essence an inconsistent verdicts problem. For the same reasons we rejected this argument in our Order (Doc. # 968) denying defendant Bracy's Motion for Acquittal (Doc. # 895) of Count Eight we also reject this argument here.

■ Case law prohibits us from inquiring into a Jury's motives for handing down inconsistent verdict. This is true whether a jury hands down inconsistent verdicts regarding a single defendant or verdicts which are inconsistent as between several defendants. *See United States v. Powell,* 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984); *Harris v. Rivera,* 454 U.S. 339, 102 S.Ct. 460, 70 L.Ed.2d 530 (1981); *Standefer v. United States,* 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980); *United States v. Dotterweich,* 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48 (1943); *Dunn v. United States,* 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932).

Having addressed this argument raised by Defendant we reject it.

**D. COUNTS 6, 7, 11, 14, 15, 16, 17, 18, 19, 21, 22, 23, 25**

Defendant's only argument for setting aside these verdicts is premised on setting aside the guilty verdict on Count Three. Defendant argues that he was found guilty on these counts on the basis of *Pinkerton* conspiracy liability premised on his involvement

in the Count Three conspiracy. If the guilty verdict on Count Three were to be set aside and judgment of acquittal entered on it Defendant argues all the guilty verdicts premised on that conspiracy must also be set aside. Accepting Defendant's legal analysis as correct for the limited purposes of argument, it is obvious that we did not set aside the Count Three guilty verdict or enter judgment of acquittal. Therefore we need not pursue this question any further.

Defendant's Motion to Set Aside Verdicts for insufficiency of evidence and to enter judgments of acquittal on Counts 6, 7, 11, 14, 15, 16, 17, 18, 19, 21, 22, 23, and 25 is denied.

## E. INSUFFICIENCY OF EVIDENCE ON COUNT 8

### 1. Existence of an Enterprise

 Defendant was found guilty of committing a violent crime in aid of racketeering as charged in Count Eight. An element of proof necessary to a conviction of the crime charged is that a racketeering enterprise existed. The government must prove beyond a reasonable doubt that an enterprise existed, An enterprise as defined at 18 U.S.C. § 1961(4) "includes any . . . legal entity, and any union or group of individuals associated in fact although not a legal entity." *Id.* "There is no restriction upon the associations embraced by the definition: an enterprise includes any union or group of individuals associated in fact." *United States v. Turkette*, 452 U.S. 576, 581, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981). A theoretical or logical distinction is drawn between the "enterprise" as an entity unto itself and the related but separate concept of a "pattern of racketeering activity." This theoretical distinction is often confused by overlapping proof used to establish each of the two elements. The Court in *Turkette* thoroughly analyzed this difficulty, stating:

> That a wholly criminal enterprise comes within the ambit of the statute *does not mean that a 'pattern of racketeering activity' is an 'enterprise.'* In order to secure a conviction under RICO, the Government must prove both the existence of an 'enterprise' and the connected 'pattern of racketeering activity.' The enterprise is an en-

tity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct. The pattern of racketeering activity is, on the other hand, a series of criminal acts as defined by the statute. 18 U.S.C. § 1961(1) (1976 ed., Supp. III). The former is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit. The latter is proved by evidence of the requisite number [2] of acts of racketeering committed by the participants in the enterprise. While the proof used to establish these separate elements may in particular cases coalesce, proof of one does not necessarily establish the other. The 'enterprise' is not the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of activity in which it engages. The existence of an enterprise at all times remains a separate element which must be proved by the Government.

*United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 2528–29, 69 L.Ed.2d 246 (1981) (emphasis added). The requirement of continuity of personnel is not absolute, "the determinative factor is whether 'the associational ties of those charged with a RICO violation amount to an organizational pattern or system of authority.'" *United States Feldman*, 853 F.2d 648, 659 (9th Cir.1988) (citing and quoting *United States v. Lemm*, 680 F.2d 1193, 1199 (8th Cir.1982) *cert. denied*, 459 U.S. 1110, 103 S.Ct. 739, 74 L.Ed.2d 960 (1983)), *cert. denied*, 489 U.S. 1030, 109 S.Ct. 1164, 103 L.Ed.2d 222 (1989). This organizational pattern has been satisfied by the "open, continuous leadership" of one individual. *Feldman*, at 659; *Lemm*, at 1200.

 The evidence does more than prove an association of individuals for the commission of sporadic crime as defendant alleges. Even if this were so, that might satisfy the requirement of an enterprise. The association of individuals itself might be continuous and sufficient to constitute an enterprise, even if the criminal acts occurred only in a sporadic manner.

■ Defendant objects that the only evidence presented was evidence of activity necessary to conduct the pattern of racketeering activity. This misses the point. While the existence of an enterprise as a separate entity is a separate element of proof for a RICO conviction, it may be proven with the same evidence used to establish the pattern of racketeering activity. *Turkette*, 452 U.S. at 583, 101 S.Ct. at 2529 ("While the proof used to establish these separate elements may in particular cases coalesce, proof of one does not necessarily establish the other.").

The evidence establishes a continuing organization with continuity of some personnel and substantial overlap of other personnel. The evidence establishes an organizational structure of authority with Regas father and son acting as central authority for the enterprise and with Defendant firmly established as a lieutenant, poised to carry out orders from the organizational heads.

## 2. Inconsistent Verdicts

■ Defendant's argument regarding the acquittal of defendants Gilmartin and Hogle of Count Three but not Count Eight again raises an inconsistent verdicts problem. Again we refuse to enter into supposition regarding what the jury intended by this. Furthermore, even if we were to engage in supposition, our most likely response would be that the acquittal was based on lack of evidence of these defendants' involvement in the methamphetamine side of the conspiracy. An acquittal for such reasons does not indicate a lack of evidence supporting an enterprise.

## 3. § 1959 Does Not Require that the Enterprise or a Defendant Commit Two Racketeering Acts

■ Defendant's last argument is premised on his success regarding Count Three.

If we had set aside that verdict and all the *Pinkerton* verdicts there would not be sufficient racketeering acts—two—to support conviction on Count Eight.[1] We have not set aside those guilty verdicts, therefore this last argument must fail.

■ Even if Defendant Garfinkle were acquitted of all acts of racketeering activity, a conviction under 18 U.S.C. § 1959 would still be valid. Conviction of a § 1959 violation under Count Eight of this Indictment requires that Defendant Garfinkle:

> for the purpose of ... maintaining or increasing position in an enterprise engaged in racketeering activity, ... kidnaps ... or attempts or conspires so to do....[2]

18 U.S.C. § 1959. "Racketeering activity" is defined at § 1961 as is a "pattern of racketeering activity." The two definitions are distinct from one another. There is no statutory definition of the phrase "engaged in" racketeering activity. Nor could we find any case law directly on point. The treatment of the phrase "engaged in" in the case law, suggests that the courts have not yet given a strict or limited definition but have allowed the phrase its ordinary everyday meaning. *See, United States v. Concepcion*, 983 F.2d 369, 380, 381 (2d Cir.1992) ("In absence of contrary congressional direction, we interpret the language in accordance with its ordinary meaning.") *cert. denied*, —— U.S. ——, 114 S.Ct. 163, 126 L.Ed.2d 124 (1993). We also treat the phrase "engaged in" according to its ordinary meaning. *See, Moskal v. United States*, 498 U.S. 103, 108, 111 S.Ct. 461, 465, 112 L.Ed.2d 449 (1990).

G. & C. MERRIAM COMPANY, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LAN-

---

1. § 1952B renumbered at 1959 nowhere requires as an element of proof that a particular defendant have committed any racketeering acts. Nor does conviction of § 1959 require proof of a "pattern of racketeering activity." We proceed to discuss this issue more fully in the main body of the text. Proof of a "pattern of racketeering activity" is necessary for conviction of RICO violations under 18 U.S.C. § 1961 et seq. Section 1959 falls within a different chapter and has not been interpreted as requiring proof of a "pattern or racketeering activity" nor that a defen-

dant charged with § 1959 have committed any "racketeering activity."

2. The indictment limited itself to alleging that Defendant kidnapped Rene Hererra for the purpose of maintaining or increasing his position in the enterprise, and did not allege that he had done so for gaining entrance into or receiving any benefit from the enterprise, which are also bases for a § 1959 violation.

**1292**

GUAGE, UNABRIDGED (Philip Babcock Gove Chief Ed.1976), defines the word "engage" at 2A as "to involve or entangle (as a person) in some affair or enterprise" and at 2 E "to come into contact or interlock with." The word "engaged" is the past participle of "engage" and is defined as "1: OCCUPIED, EMPLOYED" and also as "4: involved" and at 5a "partly embedded or bonded." *Id.*

These definitions and our own every day understanding of the word lead us to believe that for an enterprise to be "engaged" in racketeering activity has a more transitory quality than the phrase "pattern of racketeering activity" as defined by the Supreme Court in *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). The term "engaged in" has a temporary quality implying that it is not necessary to find the enterprise is likely to continue to participate in racketeering activities. Nor does the term "engaged in" require a showing that any racketeering activities conducted by the enterprise are related to each other.

For an "enterprise" to be "engaged in" racketeering activity we think it is enough to show that the "enterprise" is currently involved in the commission of an act of racketeering activity. By this we don't mean that the enterprise must be committing an act of racketeering activity at the same exact instant as the underlying crime of violence. We only mean that the enterprise must have committed or is planning to commit some racketeering activity within a period of time short enough under the circumstances so that it is fair to deem the enterprise as "engaged in racketeering activity."

Thus, it would be possible for an otherwise legitimate enterprise which engages in a single act of racketeering activity to be deemed "engaged in racketeering activity" for a short period of time on either side of the actual commission of the racketeering activity. On the other hand, an altogether illegal enterprise whose raison d'etre is to continuously commit racketeering activities would perpetually be "engaged in" racketeering activity.

We do not define the outer limits of time during which an "enterprise" may be fairly said to be "engaged in" racketeering activity. We decide only that under the circumstances and evidence presented in this case, the evidence was sufficient for a rational jury to find that there was an enterprise and that it was essentially continuously engaged in racketeering activity.

The language regarding "an enterprise engaged in racketeering activity" should be construed to require some proof that the enterprise as an entity is engaged in racketeering activity, or generally that its members and associates are engaged in racketeering activity in such a way that it can be attributed to the enterprise. Nothing in the statute or the case law requires that an individual defendant have committed any racketeering acts to be found guilty under § 1959. Such a construction might defeat the purpose of the statute insofar as it is directed at punishing persons who are not members of the enterprise but who commit violent acts in order to gain entrance into or rewards from the enterprise.

Jury Instruction number 126 (objected to by the Government and stipulated to by the Defense) required the jury to find that the defendants committed two racketeering acts. The instruction referred to "the defendants" in the plural and did not require the jury to find that each defendant had committed two racketeering acts. This instruction was intended to ensure that the enterprise was "engaged in racketeering activity" and not merely an enterprise which committed a racketeering act.

Jury Instruction 126 mistakenly required an additional element. There is no requirement that an enterprise commit any specific number of racketeering acts. It need only be shown by the evidence that the enterprise was "engaged in racketeering activity." Our instruction did not prejudice Defendant. If anything it imposed an additional element of proof not required by § 1959.

Nor can it be said that Jury Instruction 126 allowed the jury to substitute a finding that the enterprise committed two racketeering acts for the required finding

that the enterprise was engaged in racketeering activity. Jury Instruction 124 laid out the required elements for a § 1959 violation. The first element listed there stated in convenient shorthand the requirement "that the racketeering enterprise charged in the indictment exist."

While not specifically requiring the jury to find separately that an enterprise exist and that it be engaged in racketeering activity it effectively conveyed the required elements. Furthermore, this instruction refers to the "racketeering enterprise charged in the indictment...." Count Eight of the indictment correctly charges that an enterprise existed and that the enterprise, its members and associates engaged in numerous acts of racketeering activity as defined in § 1952B, renumbered 1959(b)(1), referring to the definition provided by 18 U.S.C. § 1961(1).

 Lastly, Jury Instruction 125 effectively distinguished between an enterprise and a pattern of racketeering activity while requiring proof of both. Jury Instruction 125 at p. 1, ln. 17 through p. 2, ln. 8.

Any error in the Jury Instructions was harmless error as to Defendant Garfinkle. The Jury Instructions imposed additional elements of proof and did not lower or eliminate any elements of proof required by § 1959.

The evidence is sufficient to establish the existence of an enterprise beyond a reasonable doubt as discussed *supra*. The evidence is also sufficient for a rational finder of fact to find beyond a reasonable doubt that the enterprise was engaged in racketeering activity. This is further evidenced by numerous guilty verdicts for racketeering activities. Lastly, the evidence also establishes that defendant Garfinkle participated in the kidnapping for the purpose of maintaining or increasing his position in the enterprise.

 Assuming arguendo that the "enterprise engaged in racketeering activity" language should be defined with reference to § 1961's definition of a "pattern of racketeering activity" that definition applies to the enterprise, not to individual defendants. There is no need to prove an individual defendant engaged in a "pattern of racketeer-

ing activity" for conviction of a § 1959 offense.

The jury instructions taken as a whole adequately instructed the jury on the necessary elements of § 1959 and imposed an additional requirement. Jury Instructions 126 and 128 required the Government to prove a pattern of racketeering activity. We do not believe this is necessary for a § 1959 conviction, but the jury was instructed on it and the evidence was sufficient to allow the jury to find a pattern of racketeering activity. This additional requirement in no way lessened the burden of proof or made it easier for the jury to find the Defendant Garfinkle guilty on Count Eight's § 1959 charge.

Defendant's Motion to Set Aside the Guilty Verdict on Count Eight for insufficiency of evidence is denied.

## F. EX POST FACTO APPLICATION OF COUNT EIGHT

 The United States Constitution prohibits the Ex Post Facto or retroactive application of Criminal Laws. U.S. Const. art. I, § 9, cl. 3. "An ex post facto law is one which imposes a punishment for an act which was not punishable at the time it was committed, or a punishment in addition to that then prescribed." *Burgess v. Salmon, Va.,* 97 U.S. 381, 24 L.Ed. 1104 (1878).

The Government's assertions that Defendant has waived any Ex Post Facto defenses by not raising them during trial is rejected. The case law cited all deals with defenses first raised on appeal. We are not at that stage yet. We will deal with Defendant's Ex Post Facto claim on its merits.

The Eighth Count charges Defendant with commission of a violent crime in aid of racketeering activity. This offense is created and defined at 18 U.S.C. § 1959 (previously enumerated at 18 U.S.C. 1952B, renumbered November 18, 1988 (*see* Pub.L. 100–690, Title VII, § 7053(b), Nov. 18, 1988, 102 Stat. 4402). As an element of this crime, it must be shown that Defendant committed the violent crime alleged (kidnapping and assault in this case) "for the purpose of ... maintaining or increasing position in an enterprise engaged

**1294**

in racketeering activity[3]...." 18 U.S.C. § 1959(a) Supp.

Defendant's ex post facto argument is directed at the element of proof requiring that the enterprise be engaged in racketeering activity. Defendant Garfinkle contends that this requires proof that he committed or that the enterprise committed two racketeering acts.

Racketeering activity is statutorily defined at 18 U.S.C. § 1961(1). Racketeering activity consists of any of a number of specific state and federal crimes listed at § 1961.

In the previous discussion regarding the sufficiency of evidence supporting Count Eight, we held that § 1959 did not require as an element of proof that the enterprise or Defendant committed two racketeering acts. From this it follows that a retroactive application of the law defining racketeering activity, § 1961, is irrelevant to Defendant's conviction. Assuming § 1961 was applied retroactively to Defendant, his guilty verdict is valid even if we entirely disregard any racketeering acts committed by him.

■ Nevertheless, we proceed to determine whether Defendant's ex post facto argument has merit if conviction under § 1959 does require as an element that the enterprise or Defendant commit two racketeering acts.

For the enterprise to be considered engaged in racketeering activity it is necessary that the jury find members of the enterprise had committed two racketeering acts.[4] Furthermore, the jury must be unanimous in deciding which two racketeering acts were committed to properly find the enterprise engaged in racketeering activity and to sustain conviction on Count Eight. *Id.*

The violent crime in aid of racketeering which Defendant allegedly committed took place on July 15, 1986. After that time but before trial—in November 1986—§ 1961 was amended and the number of acts which could satisfy the definition of a Racketeering Activity was expanded. Defendant states that

[b]ecause the November 1986 amendment to 18 U.S.C. § 1961(1) expanded the crimes falling within the definition of racketeering activity to offenses not previously within its purview, it cannot be applied retroactively to offenses committed prior to its effective date without violation of the ex post facto clause of the United States Constitution. U.S. Const. Art. I, section I, cl. 3.

Defendant Garfinkle's Motion to Set Aside Verdict (Doc. # 939, p. 6, ln. 19–24).

Defendant's contention, apparently, is that in July 1986 the enterprise had not yet committed two racketeering acts (as defined under § 1961 before the November 1986 Amendment) and could not be considered engaged in racketeering activity. Therefore, the violent crime he allegedly committed could not yet be considered "in aid of racketeering activity" and that only when the expanded list of "racketeering acts" included in the November 1986 amendment to § 1961 was applied were there sufficient racketeering acts to designate the enterprise as engaged in racketeering activity.

Alternatively, Defendant may be contending that acts committed after July 1986 might be admissible to prove the enterprise was engaged in racketeering activity at that time, but only acts satisfying the definition of racketeering activity as it existed in July 1986 should be allowed.

Defendant's Ex Post Facto argument is that the November 1986 amendment to

---

**3.** The statute states that "[w]hoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, ..." commits a listed violent crime is guilty of the offense of Violent crime in aid of racketeering activity. § 1959(a). Only the section regarding commission of the violent crime in return for maintaining or increasing position in a racke-

teering enterprise is relevant to our discussion. This is the theory the government relied on at trial and relies on in its opposition.

**4.** See the discussion above. It is our belief, and one of our holdings that 18 U.S.C. § 1959 does not require proof of a pattern of racketeering activity and that it does not require proof that a particular defendant or the enterprise committed two racketeering acts.

§ 1961, as retroactively applied, would define certain acts the enterprise engaged in as racketeering acts, even though on July 15, 1986 those acts were not defined as racketeering acts. Thus by retroactive application, the amended definition of "racketeering act" would criminalize or impose additional punishment for the violent crime charged when at the time of the violent crime, the enterprise could not have been considered engaged in racketeering activity, or never was engaged in racketeering activity as defined under § 1961 before the November 1986 amendment.

The jury did in fact find that an enterprise existed as evidenced by several guilty verdicts returned on Count Eight. Furthermore, the jury found several of the defendant members of the enterprise guilty of several acts of racketeering. Counts Three, Six, Seven, Ten through Twelve and Fifteen through Nineteen were all racketeering counts and only Count Twelve included a racketeering activity which was added by the November 1986 amendment to § 1961. All the other charges were defined as racketeering acts before the amendment to § 1961.

The jury did in fact unanimously find the defendants committed two racketeering acts other than the one charged in Count Twelve as shown by the numerous guilty verdicts returned on the racketeering charges. Therefore Jury Instruction 126 is satisfied. The evidence sufficiently shows that the enterprise committed two racketeering acts as defined by § 1961 before it was amended.

Defendant himself was found guilty of Counts Six and Seven. Both occurred on July 10, 1986 and both satisfied the original definition of "racketeering activity" contained in § 1961 prior to the November 1986 amendment. *See,* 18 U.S.C. § 1961(1)(A) ( . . . dealing in narcotic or other dangerous drugs . . . .).

Defendant's conviction on these counts necessarily indicates that the jury was unanimous in finding that the defendants had committed two particular acts of racketeering activity. There can be no possible ex post facto problem with using these racketeering acts to satisfy Jury Instruction 126. These acts occurred before July 15, 1986 and at the time they occurred they were racketeering acts under. § 1961 as it was before it was amended.

For these reasons we find no ex post facto problem in the guilty verdict returned against defendant Garfinkle under Count Eight.

A court was faced with a similar problem in *United States v. LeQuire* 943 F.2d 1554, 1564 (11th Cir.1991) *cert. denied,* —— U.S. ——, 112 S.Ct. 3037, 120 L.Ed.2d 906. There, the defendant, Harold Ward, was convicted of a conspiracy to violate RICO. "Guilt under the conspiracy provision of RICO, 18 U.S.C. § 1962(d), requires a showing of a defendant's participation, either directly or indirectly, in a scheme to violate one of the listed 'prohibited activities.'" *Id.* at 1562. Participation in the prohibited activity required proof of the commission of two or more predicate acts listed at § 1961.

Defendant Ward claimed that the 1986 amendment to § 1961 violated the ex post facto clause. Without determining whether the expanded definition of racketeering activity in § 1961, as amended in 1986, could be applied to the defendant, the court held that "[t]his modification, however, did not affect the rights of Ward, who had been involved in numerous enterprise activities . . . ." *Id.* at 1564.

We believe the 11th Circuit meant that defendant Ward was involved in numerous other predicate acts included in § 1961 before it was amended and that therefore the amended version with its expanded list of predicate acts did not raise an ex post facto issue.

We believe that Defendant Garfinkle could have been convicted of Count Eight on the basis of two predicate acts which occurred before the incident in Count Eight and which were defined as racketeering acts at the time of the incident in Count Eight occurred.

As previously discussed we also believe § 1959 does not require that a defendant or the enterprise have committed any specific number of racketeering acts so long as there is sufficient evidence to allow a jury to find the enterprise was "engaged" in racketeering

activity. The indictment charges the members of the enterprise with numerous racketeering acts. The record is full of evidence from which a jury could find the enterprise was engaged in racketeering activity.

Therefore we find that no ex post facto violation has occurred in this case.

## G. EX POST FACTO APPLICATION OF COUNT NINE

Defendant Garfinkle raises the same argument that defendant Bracy's Motion for Acquittal (Doc. # 895) raised and which we denied in our order of October 15, 1993 (Doc. # 968). Because the same issues are raised, we deny Defendant Garfinkle's Motion to Set Aside the Verdict and for Judgment of Acquittal for the same reasons stated in the order denying Defendant Bracy's Motion.

## H. SEPARATE PREDICATE OFFENSE REQUIRED FOR EACH § 924(c)(1) VIOLATION

Defendant Garfinkle raises one last issue in his Supplemental Points and Authorities (Doc. # 946). The Ninth Circuit has held that each separate 18 U.S.C. § 924(c)(1) charge must be based on a separate predicate offense. *United States v. Martinez,* 7 F.3d 146 (9th Cir.1993); *United States v. Smith,* 924 F.2d 889, 894 (9th Cir.1991). Defendant Garfinkle was found guilty of three separate § 924(c)(1) charges. Counts 21, 22, and 23. Each count was based on the same predicate offense, conspiracy to possess with intent to distribute and to distribute controlled substances as charged in Count Three.

The Government does not contest Defendant's Motion to Set Aside the Verdict and Entry of Judgment of Acquittal on Counts 21 and 22. The Government opposes Defendant's Motion as to Count 23.

Setting aside the guilty verdicts on counts 21 and 22 and entering judgments of acquittal as to those counts will leave only one § 924(c)(1) guilty verdict against defendant Garfinkle. Accordingly we grant defendant Garfinkle's Motion to Set aside the Verdict and to Enter Judgments of Acquittal as to

Counts 21 and 22. Defendant's Motions are denied as to Count 23.

Our order regarding Counts 21 and 22 shall not be final until sentencing, and we retain discretion to reinstate one of the guilty verdicts should the guilty verdict on Count 23 prove defective.

IT IS, THEREFORE, HEREBY ORDERED that Defendant's Motion to Set Aside the Verdict and to Enter Judgment of Acquittal (Doc. # 939) as to Counts 3, 6, 7, 11, 14, 15, 16, 17, 18, 19, 21, 22, 23, and 25 for insufficiency of the evidence is DENIED.

IT IS, THEREFORE, FURTHER ORDERED that Defendant's Motion to Set Aside the Verdict and to Enter Judgment of Acquittal (Doc. # 939) as to Count Eight for Insufficiency of the Evidence is DENIED.

IT IS, THEREFORE, FURTHER ORDERED that Defendant's Motion to Set Aside the Verdict and to Enter Judgment of Acquittal (Doc. # 939) as to Count Eight for violation of the Ex Post Facto clause of the United States Constitution is DENIED.

IT IS, THEREFORE, FURTHER ORDERED that Defendant's Motion to Set Aside the Verdict and to Enter Judgment of Acquittal (Doc. # 939) as to Count Nine for violation of the Ex Post Facto clause of the United States Constitution is DENIED.

IT IS, THEREFORE, FURTHER ORDERED that Defendant's Motion to Set Aside the Verdict and to Enter Judgment of Acquittal (Doc. # 939) as to Counts Twenty–One and Twenty–Two is GRANTED. The Motion is DENIED as it relates to Count Twenty–Three.

IT IS, THEREFORE, FURTHER ORDERED that if Count Twenty–Three is Defective and Defendant is acquitted of that charge, we shall reinstate the Guilty verdict on Either Count Twenty–One or Twenty–Two.